Jon N. Robbins (WA Bar No. 28991)
jrobbins@attorneysforconsumers.com
WEISBERG & MEYERS LLC
3877 North Deer Lake Road
Loon Lake, Washington 99148
509-232-1882 (phone) 866-565-1327 (fax)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DONNA K. BUCKALEW, On behalf of herself and all others similarly situated<br>  *Plaintiff,*<br><br>v.<br><br>SUTTELL & HAMMER, P.S.<br>  *Defendant.* | Case No.<br>Complaint for FDCPA Violations<br>Class Action<br>Demand for Jury Trial |

**AMENDED CLASS-ACTION COMPLAINT**

# Contents

1 Introduction                                      3

2 Parties                                           5

3 Jurisdiction and venue                            7

4 Violation of the FDCPA                            8

5 Cause of action                                  12

6 Class allegations                                12
   6.1  Class definition . . . . . . . . . . . . . 12
   6.2  Rule 23(a) prerequisites . . . . . . . . . 13
   6.3  Rule 23(b)(3) . . . . . . . . . . . . . .  16

7 Prayer for relief                                19

# 1   Introduction

1. This is a case under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.* The FDCPA provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The FDCPA defines a variety of specific acts that constitute "false, deceptive, or misleading" debt-collection practices or that otherwise violate the FDCPA.

2. Whether a letter or other communication constitutes an unfair debt-collection practice is judged from the perspective of the "least sophisticated consumer." *See Swanson v. South Oregon Credit Services, Inc.*, 869 F.2d 1222, 1225–26 (9th Cir. 1988). "The basic purpose of the least-sophisticated-consumer standard is

*1  INTRODUCTION*

to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

**3.** The FDCPA provides for statutory damages of up to $1,000 per plaintiff. *See* 15 U.S.C. §1692k(a)(2)(A). The FDCPA also specifically provides for class actions against debt collectors. "[I]n the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. §1692k(a)(2)(B). In a class action, therefore, the statutory damages provided by the FDCPA are up to $1,000 for each named plaintiff

plus a further amount up to the lesser of $500,000 or 1% of the defendant debt collector's net worth for the class members other than the named plaintiff.

**4.**   The FDCPA also permits recovery of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3).

## 2   Parties

**5.**   Plaintiff Donna Buckalew resides and is domiciled in Bingen, Washington. Plaintiff may be served through her attorneys, Weisberg & Meyers LLC.

**6.**   Plaintiff is a consumer as *consumer* is defined in the FDCPA because she is a natural person who is alleged by Defendant to be obligated to pay a debt. *See* 15 U.S.C. §1692a(3).

## 2 PARTIES

**7.** Defendant Suttell & Hammer P.S. is a company engaged in the business of attempting to collect debts by mail and telephone. Defendant's prinicpal place of business is in Bellevue, Washington. Defendant may be served through its registered agent, Walter J. Yund Jr., 701 Fifth Avenue, Suite 550, Seattle, Washington 98104.

**8.** Defendant is a debt collector as *debt collector* is defined in the FDCPA. This is because Defendant uses the mails, the telephone system, and other instrumentalities of interstate commerce in a business, the principal purpose of which is to collect debt owed to third parties. *See* 15 U.S.C. §1692a(6). In this case, Defendant alleged that the debt Defendant sought to collect was owed to Capital One Bank (USA) N.A. The debt that Defendant sought to collect is a debt as *debt* is defined in the FD-

CPA because it was a credit-card debt incurred for the personal use of the plaintiff. *See* 15 U.S.C. §1692a(5).

## 3   Jurisdiction and venue

**9.**   This Court has subject-matter jurisdiction under 28 U.S.C. §1331 (federal question) and 15 U.S.C. §1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy").

**10.**   This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this state; Defendant undertakes continuous and systematic business activities in the form of its debt-collection business within this state; and the specific acts

that give rise to this complaint, namely, the sending and receipt of Exhibits 1 and 2, took place in this state.

11.  Venue is appropriate in this district under 28 U.S.C. §1391(b) because this is the judicial district in which the plaintiff resides and received the objectionable letters, and hence is a judicial district in which a substantial part of the events giving rise to this action took place.

# 4  Violation of the FDCPA

12.  Exhibit 1 is a debt-collection letter with attached affidavit sent by Defendant to Plaintiff and dated October 27, 2009.

13.  The attached affidavit bears a court caption: Capital One Bank (USA), N.A., Plaintiff, v. Donna K.

Buckalew, Defendant. *See* Ex. 1 at 2.

**14.** The affidavit refers to Capital One as 'Plaintiff' and Buckalew as 'Defendant' not only in its caption, but throughout its text.

**15.** The affidavit also refers to a variety of legal concepts expressed in legalese:

- the affidavit refers to "business books and records" kept in "the course of regularly conducted business activity" and contains other language intended to prove up the business-records exception to the hearsay rule, Ex. 1 at 2;

- the affidavit refers to the amount of the debt as the "just and true sum" of the debt, Ex. 1 at 2;

- the affidavit describes Buckalew's conduct as a 'breach[] [of] the Agreement," Ex. 1 at 2;

- the affidavit claims that Capital One is entitled "to recover from Defendant(s) reasonable attorneys' fees and costs to the extent permitted by law," Ex. 1 at 3.;

*4 VIOLATION OF THE FDCPA*

- the affidavit states that the it is made "under penalty of perjury" and the affiant avers that "if called as a witness [she] would competently testify, under oath, thereto," Ex. 1 at 3; and

- the affidavit is notarized and appears over a notary's seal, Ex. 1 at 3.

**16.** The affidavit violates 15 U.S.C. §1692e(9). Section 1692e(9) provides that it is a "false, deceptive, or misleading" debt-collection practice to "use or distribut[e] any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

**17.** The characteristics of the affidavit described in this subsection — its use of legalese, its official appearance, its reference to the parties as 'plaintiff' and

4   VIOLATION OF THE FDCPA

'defendant,' and its court-like caption — when judged under the least-sophisticated-consumer standard render the affidavit a written communication that simulates a document authorized, issued, or approved by a court or state official. The least sophisticated consumer might well believe that the affidavit is an official court document, which it is not. For these reasons, sending the affidavit was, without limitation, a violation of §1692e, §1692e(10), and §1692e(9).

18.   The affidavit is also misleading in that, because it appears to come from an ongoing court case, it contradicts the cover letter, which states that "[a]t this time suit has not been initiated." In addition to violating §1692e, §1692e(10), and §1692e(9), this violates 15 U.S.C. §1692e(2)(A), which prohibits false representations about

the "legal status of any debt." *See Johnson v. Eaton*, 873 F. Supp. 1019, 1026 (M.D. La. 1995).

# 5 Cause of action

**19.** Plaintiff's sole cause of action is for violation of the above-cited provisions of the FDCPA. *See* 15 U.S.C. §1692k ("civil liability"). The facts alleged in this complaint satisfy the elements of a cause of action under this section.

# 6 Class allegations

## 6.1 Class definition

**20.** Plaintiff seeks to prosecute this case as a class action on behalf of a class defined as follows:

> All natural persons with addresses located in the Ninth Circuit who, within one year before

the date of this complaint, received an affidavit from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third party, and where the affidavit contains statements or formatting including appearing under a court caption, referring to the creditor as 'plaintiff' and the recipient as 'defendant,' using legalese and referring to legal terms, and appearing over the official seal of a notary that suggest that the affidavit is an official court document or that a legal proceeding is underway when that is false.

## 6.2 Rule 23(a) prerequisites

**21. Numerosity.** This is a letter case. All debtors or alleged debtors who received letters like Exhibit 1 have exactly the same claim as the named plaintiff. Because Defendant is in the business of collecting debt and these letters appear to be form letters, the group of

recipients of letters like Exhibit 1 is sufficiently numerous that it would be more efficient to address the claims of that group through a class action than through a multiplicity of individual actions.

**22. Common questions of fact and law.** The questions of fact and law are entirely common. The only question of fact is whether the debtors or alleged debtors received letters like Exhibit 1 and whether the Defendant sent those letters. This question of fact can be proved up by class members submitting the letters they received when they file their claims. The questions of law are whether the statements in Exhibit 1 violate the FDCPA as alleged in this complaint. That is, the only questions of law are exactly the same for others who received letters like Exhibit 1 as they are for the named

plaintiff. Whether a debt collector's letter violates the FDCPA is a legal question to be resolved by the court. *See Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997). "In the 9th Circuit, the court–and not the jury– determines whether a particular collection letter violates the FDCPA." *Anderson v. Credit Collection Services, Inc.*, 322 F.Supp. 2d 1094, 1096 (S.D. Cal. 2004) (*citing Swanson v. Southern Oregon Credit Services, Inc.*, 869 F.2d 1222, 1225-26 (9th Cir. 1988) and *Terran v. Kaplan*, 109 F.3d 1428.

**23. Typicality.** The named plaintiff is entirely typical of the class. She received the letter in Exhibit 1. Because the only issue is whether the statements in that letter violate the FDCPA, the plaintiff is typical of the class in the only relevant respect: she received the

allegedly unlawful letters.

**24. Adequacy of representation.** The named plaintiff is an adequate class representative. She has chosen to vigorously pursue her claims. And she has engaged qualified class counsel specializing in consumer law that has prosecuted literally thousands of FDCPA cases around the country, and counsel specializing in complex commercial litigation that regularly handles sophisticated, bet-the-company commercial cases around the country. Counsel have experience prosecuting and defending federal class actions.

## 6.3 Rule 23(b)(3)

**25.** This class should be certified under Rule 23(b)(3).

**26.** The common questions of law and fact predominate in this case because the only questions are com-

mon: whether letters like Exhibit 1 were sent and received and whether the statements in those letters identified in this complaint violate the provisions of the FDCPA identified in this complaint. There are no other questions of law or fact. Thus, the common questions predominate.

**27.** The class members have no substantial interest in controlling the prosecution of this case individually. The questions are entirely common and the legal strategy with respect to those questions is clear. The principal arguments have already been spelled out in this complaint. They are straightforward. And, in a class action, the plaintiffs will have the services of counsel familiar with complex litigation who would not have adequate incentive to handle these cases on an individual basis.

**28.** There does not appear to be substantial pre-

existing litigation about these issues.

29. There is no reason why concentrating litigation in this forum would be undesirable. This forum is convenient for Defendant, which has its principal office in Bellevue, Washington, and which does substantial business in this district, including attempting to collect the debt that is the subject of the named plaintiff's claim.

30. No special difficulties are posed in managing this class action. The law involved is entirely federal, so there are no choice-of-law issues to concern the court. And, because the claims are based entirely on documentary evidence — letters like Exhibit 1 — the evidence in the class action will be no more difficult to handle than it would be in individual cases.

# 7 Prayer for relief

31. Plaintiff demands trial by jury on all issues.

32. Plaintiff prays for relief as follows:

- class certification as described in §6;
- appointment of the named plaintiff's counsel as lead class counsel;
- statutory damages, costs, and attorneys' fees as provided for in 15 U.S.C. §1692k;
- pre- and post-judgment interest; and
- all other relief to which she is entitled in equity or at law.

7   PRAYER FOR RELIEF

DATED: March 4, 2010.

Respectfully submitted,

/s/ Jon N. Robbins
_____
Jon N. Robbins (WA Bar No. 28991)
`jrobbins@attorneysforconsumers.com`
Weisberg & Meyers LLC
3877 North Deer Lake Road
Loon Lake, Washington 99148
509-232-1882
866-565-1327 (fax)

    *Attorney for Plaintiff*