1 Jon N. Robbins (WA Bar No. 28991)

2 jrobbins@attorneysforconsumers.com

3 WEISBERG & MEYERS LLC

4 3877 North Deer Lake Road

Loon Lake, Washington 99148

5 509-232-1882 (phone) 866-565-1327 (fax)

6

7 **UNITED STATES DISTRICT COURT**

8 **EASTERN DISTRICT OF WASHINGTON**

9

10 DONNA K. BUCKALEW,

11 BRIAN D. PURKHISER,

12 On behalf of themselves

and all others similarly sit-

13 uated

14 *Plaintiffs,*        Case No. CV-10-3002-LRS

15 Complaint for FDCPA Violations

16 *v.*        Class Action

17 Demand for Jury Trial

18 SUTTELL & HAMMER,

P.S.

19 *Defendant.*

20

21

22 SECOND AMENDED CLASS-ACTION COMPLAINT

*CONTENTS*

# Contents

**1 Introduction**        **3**

**2 Parties**        **5**

**3 Jurisdiction and venue**        **7**

**4 Violation of the FDCPA**        **9**

   4.1 Single Claim Limited to Plaintiff Donna K. Buckalew Individually . . . . . . . . . 13

**5 Cause of action**        **16**

**6 Class allegations**        **17**

   6.1 Class definition . . . . . . . . . . . 17

   6.2 Rule 23(a) prerequisites . . . . . . . . 18

   6.3 Rule 23(b)(3) . . . . . . . . . . . . . 21

**7 Prayer for relief**        **23**

# 1    Introduction

1.    This is a case under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.* The FDCPA provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The FDCPA defines a variety of specific acts that constitute "false, deceptive, or misleading" debt-collection practices or that otherwise violate the FDCPA.

2.    Whether a letter or other communication constitutes an unfair debt-collection practice is judged from the perspective of the "least sophisticated consumer." *See Swanson v. South Oregon Credit Services, Inc.*, 869 F.2d 1222, 1225–26 (9th Cir. 1988). "The basic purpose of the least-sophisticated-consumer standard is

to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

**3.**    The FDCPA provides for statutory damages of up to $1,000 per plaintiff. *See* 15 U.S.C. §1692k(a)(2)(A). The FDCPA also specifically provides for class actions against debt collectors. "[I]n the case of a class action, (i) such amount for each named plaintiff as could be re-covered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. §1692k(a)(2)(B). In a class action, therefore, the statutory damages provided by the FDCPA are up to $1,000 for each named plaintiff

1 plus a further amount up to the lesser of $500,000 or 1%

2 of the defendant debt collector's net worth for the class

3 members other than the named plaintiff.

4     **4.**    The FDCPA also permits recovery of "the

5 costs of the action, together with a reasonable attorney's

6 fee as determined by the court." 15 U.S.C. §1692k(a)(3).

## 7  2   Parties

8     **5.**    Plaintiff Donna Buckalew resides and is domi-

9 ciled in White Salmon, Washington.

10     **6.**    Plaintiff Brian Purkhiser resides and is domi-

11 ciled in Edmonds, Washington.

12     **7.**    Plaintiffs may be served through their attor-

13 neys, Weisberg & Meyers, LLC.

14     **8.**    Plaintiffs are consumers as *consumer* is de-

fined in the FDCPA because they are natural persons who are alleged by Defendant to be obligated to pay debts. *See* 15 U.S.C. §1692a(3).

**9.**    Defendant Suttell & Hammer P.S., is a company engaged in the business of attempting to collect debts by mail and telephone. Defendant's prinicpal place of business is in Bellevue, Washington. Defendant may be served through its registered agent, Walter J. Yund Jr., 701 Fifth Avenue, Suite 550, Seattle, Washington 98104.

**10.**    Defendant is a debt collector as *debt collector* is defined in the FDCPA. This is because Defendant uses the mails, the telephone system, and other instrumentalities of interstate commerce in a business, the principal purpose of which is to collect debt owed to third parties. *See* 15 U.S.C. §1692a(6). In this case, Defendant

alleged that the debts Defendant sought to collect were owed to Capital One Bank (USA), N.A. The debts that Defendant sought to collect are debts as *debt* the term debt defined in the FDCPA because they were credit-card debts incurred for the personal use of the plaintiffs. *See* 15 U.S.C. §1692a(5).

## 3   Jurisdiction and venue

**11.**   This Court has subject-matter jurisdiction under 28 U.S.C. §1331 (federal question) and 15 U.S.C. §1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy").

**12.**   This Court has personal jurisdiction over De-

fendant because Defendant's principal place of business is located in this state; Defendant undertakes continuous and systematic business activities in the form of its debt-collection business within this state; and the specific acts that give rise to this complaint, namely, the sending and receipt of Exhibits 1 and 2 took place in this state.

**13.**    Venue is appropriate in this district under 28 U.S.C. §1391(b) because this is the judicial district in which the plaintiffs reside and received the objectionable letters, and hence is a judicial district in which a substantial part of the events giving rise to this action took place.

# 4   Violation of the FDCPA

**14.**   Exhibit 1 is a debt-collection letter with attached affidavit sent by Defendant to plaintiff Donna K. Buckalew and dated October 27, 2009.

**15.**   The attached affidavit bears a court caption: Capital One Bank (USA), N.A., Plaintiff, v. Donna K. Buckalew, Defendant. *See* Ex. 1 at 2.

**16.**   The affidavit refers to Capital One as 'Plaintiff' and Buckalew as 'Defendant' not only in its caption, but throughout its text.

**17.**   Exhibit 2 is a debt-collection letter with attached affidavit sent by Defendant to plaintiff Brian D. Purkhiser and dated June 14, 2010.

**18.**   The attached affidavit bears a court caption: Capital One Bank (USA), N.A., Plaintiff, v. Brian D.

Purkhiser, Defendant. *See* Ex. 2 at 2.

**19.**  The affidavit refers to Capital One as 'Plaintiff' and Pukhiser as 'Defendant' not only in its caption, but throughout its text.

**20.**  The affidavits are materially and substantively identical and refer to a variety of legal concepts expressed in legalese:

- the affidavits refer to "business books and records" kept in "the course of regularly conducted business activity" and contains other language intended to prove up the business-records exception to the hearsay rule, Ex. 1 at 2; Ex. 2 at 2.

- the affidavits refer to the amount of the debt as the "just and true sum" of the debt, Ex. 1 at 2; Ex. 2 at 2.

- the affidavits describe Buckalew's and Purkhiser's conduct as a 'breach[] [of] the Agreement," Ex. 1 at 2; Ex. 2 at 2.

- the affidavits claim that Capital One is entitled "to

1  recover from Defendant(s) reasonable attorneys' fees
2  and costs to the extent permitted by law," Ex. 1 at
3  3; Ex. 2 at 3.

4  • the affidavits state that the they are made "under
5  penalty of perjury" and the affiants aver that "if
6  called as a witness [they] would competently testify,
7  under oath, thereto," Ex. 1 at 3; Ex. 2 at 3.

8  • the affidavits are notarized and appear over a no-
9  tary's seal, Ex. 1 at 3; Ex. 2 at 3.

10  **21.**  The affidavits violate 15 U.S.C. §1692e(9).

11  Section 1692e(9) provides that it is a "false, deceptive,

12  or misleading" debt-collection practice to "use or dis-

13  tribut[e] any written communication which simulates or is

14  falsely represented to be a document authorized, issued,

15  or approved by any court, official, or agency of the United

16  States or any State, or which creates a false impression

17  as to its source, authorization, or approval."

18  **22.**  The characteristics of the affidavits described

in this subsection — their uniform use of legalese, their uniform official appearance, their uniform reference to the parties as 'plaintiff' and 'defendant,' and their court-like caption — when judged under the least-sophisticated-consumer standard render the substantively identical affidavits written communications that simulate a document authorized, issued, or approved by a court or state official. The least sophisticated consumer might well believe that the affidavits are official court documents, which they are not. For these reasons, sending each affidavit was, without limitation, a violation of §1692e, §1692e(10), and §1692e(9).

**23.**  The affidavits are also misleading in that, because they appear to come from an ongoing court case, they contradict the cover letters, which state that "[a]t

this time suit has not been initiated."  In addition to violating §1692e, §1692e(10), and §1692e(9), this violates 15 U.S.C. §1692e(2)(A), which prohibits false representations about the "legal status of any debt."  *See Johnson v. Eaton*, 873 F. Supp. 1019, 1026 (M.D. La. 1995).

## 4.1   Single Claim Limited to Plaintiff Donna K. Buckalew Individually

24.  Defendant's conduct with respect to Donna K. Buckalew individually, constitutes a violation of section 1692e(5). Defendant, via its October 27, 2009, correspondence and attached affidavit [Exhbit 1] threatened Plaintiff with legal action where such action was neither likely nor imminent.  Indeed, Defendant did not serve Plaintiff with legal process until July 7, 2010.  Contrary to Defendant's representation of imminent legal action,

---

### 4.1   Single Claim Limited to Plaintiff Donna K. Buckalew Individually

1   Defendant's action as threatened was not imminent.

2   **25.**   A defendant violates section 1692(e)(5) where

3   it asserts that "it could take an action that it had no

4   intention of taking and has never or very rarely taken

5   before." *Brown v. Card Service Center*, 464 F. 3d 450

6   (3rd Cir. 2006) (emphasis in original).  Where the clear

7   import of a communication can be taken as a whole to

8   mean that "that some type of legal action has already

9   been or is about to be initiated and can be averted from

10  running its course only by payment," and where the refer-

11  enced action is not taken, or cannot be taken, a violation

12  of section 1692(e)(5) is established. *See Pipiles v. Credit*

13  *Bureau of Lockport, Inc.* 886 F. 2d 22 (2d Cir. 1989)

14  (emphasis in original); *see also Baker v. G.C. Services*

15  *Corp.*, 677 F. 2d 775 (9th Cir. 1982) (upholding the dis-

### 4.1  Single Claim Limited to Plaintiff Donna K. Buckalew Individually

trict court's finding that the defendant violated section 1692(e)(5) where the subject communication "create(d) the impression that legal action by defendant is a real possibility . . . (and) a consumer could legitimately believe that 'further collection procedures' meant court action when defendant had no intention of pursuing such a course of action.").

**26.**  Plaintiff could not have known of Defendant's lack of intent to take action as threatened until such action was not taken within a reasonable time following Defendant's threat.  Until the successive parade of horribles, suggested by Defendant as a natural and then-impending consequence, failed to transpire as so unequivocally suggested, Plaintiff could not have known of her appropriate cause of action.

27. Plaintiff's cause of action for violation of section 1692e(5), on behalf of herself only, will affect neither Plaintiffs' allegations asserted on behalf of all those similarly situated, nor Defendant's pending motion for summary judgment as to asserted violations of sections 1692e(10) and 1692e(9).

## 5 Cause of action

28. Plaintiffs' sole cause of action is for violation of the above-cited provisions of the FDCPA. *See* 15 U.S.C. §1692k ("civil liability"). The facts alleged in this complaint satisfy the elements of a cause of action under this section.

# 6    Class allegations

## 6.1    Class definition

**29.**    Plaintiffs seek to prosecute this case as a class action on behalf of a class defined as follows:

All natural persons with addresses located in the Ninth Circuit who, within one year before the date of this complaint, received an affidavit from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third party, and where the affidavit contains statements or formatting including appearing under a court caption, referring to the creditor as 'plaintiff' and the recipient as 'defendant,' using legalese and referring to legal terms, and appearing over the official seal of a notary that suggest that the affidavit is an official court document or that a legal proceeding is underway when that is false.

## 6.2   Rule 23(a) prerequisites

**30.  Numerosity.**   This is a letter case.   All debtors or alleged debtors who received letters like Exhibits 1 and 2 have exactly the same claim as the named plaintiffs.   Because Defendant is in the business of collecting debt and these letters appear to be form letters, the group of recipients of letters like Exhibits 1 and 2 is sufficiently numerous that it would be more efficient to address the claims of that group through a class action than through a multiplicity of individual actions.

**31.  Common questions of fact and law.** The questions of fact and law are entirely common. The only question of fact is whether the debtors or alleged debtors received letters like Exhibits 1 and 2 and whether the Defendant sent those letters.  This question of fact can

*6.2   Rule 23(a) prerequisites*

be proved up by class members submitting the letters they received when they file their claims. The questions of law are whether the statements in Exhibits 1 and 2 violate the FDCPA as alleged in this complaint. That is, the only questions of law are exactly the same for others who received letters like Exhibits 1 and 2 as they are for the named plaintiffs. Whether a debt collector's letter violates the FDCPA is a legal question to be resolved by the court. *See Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997). "In the 9th Circuit, the court–and not the jury–determines whether a particular collection letter violates the FDCPA." *Anderson v. Credit Collection Services, Inc.*, 322 F.Supp. 2d 1094, 1096 (S.D. Cal. 2004) (*citing Swanson v. Southern Oregon Credit Services, Inc.*, 869 F.2d 1222, 1225-26 (9th Cir. 1988)

*6.2   Rule 23(a) prerequisites*

1  and *Terran v. Kaplan*, 109 F.3d 1428.

2  **32.   Typicality.**   The named plaintiffs are en-

3  tirely typical of the class.  Each received the materially

4  identical letters in Exhibits 1 and 2.  Because the only

5  issue is whether the statements in those letters violate

6  the FDCPA, the plaintiffs are typical of the class in the

7  only relevant respect: each received the allegedly unlaw-

8  ful letters.

9  **33.   Adequacy of representation.** The named

10  plaintiffs are adequate class representatives.  They have

11  chosen to vigorously pursue their claims.  And they have

12  engaged qualified class counsel specializing in consumer

13  law that has prosecuted literally thousands of FDCPA

14  cases around the country, and counsel specializing in com-

15  plex commercial litigation that regularly handles sophis-

*6.3   Rule 23(b)(3)*

<sub>1</sub> ticated, bet-the-company commercial cases around the

<sub>2</sub> country.   Counsel have experience prosecuting and de-

<sub>3</sub> fending federal class actions.

<sub>4</sub> **6.3    Rule 23(b)(3)**

<sub>5</sub> **34.**   This class should be certified under Rule 23(b)(3).

<sub>6</sub> **35.**   The common questions of law and fact pre-

<sub>7</sub> dominate in this case because the only questions are com-

<sub>8</sub> mon:  whether letters like Exhibits 1 and 2 were sent

<sub>9</sub> and received and whether the statements in those letters

<sub>10</sub> identified in this complaint violate the provisions of the

<sub>11</sub> FDCPA identified in this complaint.  There are no other

<sub>12</sub> questions of law or fact.  Thus, the common questions

<sub>13</sub> predominate.

<sub>14</sub> **36.**   The class members have no substantial inter-

<sub>15</sub> est in controlling the prosecution of this case individually.

*6.3   Rule 23(b)(3)*

1 The questions are entirely common and the legal strategy
2 with respect to those questions is clear.  The principal ar-
3 guments have already been spelled out in this complaint.
4 They are straightforward.  And, in a class action, the
5 plaintiffs will have the services of counsel familiar with
6 complex litigation who would not have adequate incen-
7 tive to handle these cases on an individual basis.

8 **37.**   There does not appear to be substantial pre-
9 existing litigation about these issues.

10 **38.**   There is no reason why concentrating litiga-
11 tion in this forum would be undesirable.  This forum is
12 convenient for Defendant, which has its principal office in
13 Bellevue, Washington, and which does substantial busi-
14 ness in this district, including attempting to collect the
15 debt that is the subject of the named plaintiffs' claims.

39.   No special difficulties are posed in managing this class action.  The law involved is entirely federal, so there are no choice-of-law issues to concern the court. And, because the claims are based entirely on documentary evidence — letters like Exhibits 1 and 2 — the evidence in the class action will be no more difficult to handle than it would be in individual cases.

# 7   Prayer for relief

40.   Plaintiffs demand trial by jury on all issues.

41.   Plaintiffs pray for relief as follows:

- class certification as described in §6;

- appointment of the named plaintiffs' counsel as lead class counsel;

- statutory damages, costs, and attorneys' fees as provided for in 15 U.S.C. §1692k;

- pre- and post-judgment interest; and

1    • all other relief to which they are entitled in equity or
2       at law.


DATED: September 16, 2010.

Respectfully submitted,


/s/ Jon N. Robbins
———————————————————————
Jon N. Robbins (WA Bar No. 28991)
jrobbins@attorneysforconsumers.com


/s/ Aaron D. Radbil
———————————————————————
*Pro Hac Vice*
aradbil@attorneysforconsumers.com


WEISBERG & MEYERS LLC
3877 North Deer Lake Road
Loon Lake, Washington 99148
509-232-1882
866-565-1327 (fax)

        *Attorneys for Plaintiff*

———————————————————————
Second Amended            24
Class-Action Complaint

Filed electronically on this 16th day of September, 2010, with:

United States District Court CM/ECF system.

Notification sent electronically via the Courts ECF system on this 16th day of September, 2010 to:

Mr. Carl E. Hueber
WINSTON & CASHATT
601 W. Riverside, Ste. 1900
Spokane WA 99201

/s/ Kimberly Larson

Second Amended              25
Class-Action Complaint