UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DONNA K. BUCKALEW and
BRIAN D. PURKHISER,

    Plaintiffs,

    v.

SUTTELL & HAMMER, P.S.,

    Defendant.

NO. **CV-10-3002-LRS**

**ORDER RE SUMMARY JUDGMENT MOTIONS**

**BEFORE THE COURT** is Defendant's Motion For Summary Judgment (Ct. Rec. 40) and Plaintiffs' Motion For Summary Judgment (Ct. Rec. 65). Oral argument was heard on October 6, 2010. Aaron D. Radbil, Esq., argued for Plaintiffs. Carl E. Hueber, Esq., argued for Defendant.

**I. BACKGROUND**

This is a putative class action alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692e(2)(A),(9) and (10). Donna K. Buckalew also asserts an individual claim under the FDCPA alleging a violation of 15 U.S.C. §1692e(5). Plaintiffs and Defendants move for summary judgment on the class claims alleging violations of 15 U.S.C. §1692e(2)(A), (9) and (10).[1]

---

[1] The court recently entered an order granting leave for the filing of a Second Amended Complaint which added Mr. Purkhiser as a Plaintiff alleging violations of 15 U.S.C. §1692e(2)(A),(9) and (10), and adding the individual claim

**ORDER RE SUMMARY
JUDGMENT MOTIONS -            1**

## II. DISCUSSION

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. §1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt." §1692(e) lists types of conduct which amount to "false, deceptive or misleading representation." This includes, pursuant to 15 U.S.C. §1692e(9):

> The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

It also includes, pursuant to 15 U.S.C. §1692e(10):

> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

The FDCPA is a strict liability statute. It is not necessary for a plaintiff to prove that a defendant knew that its debt collection practices violated the law or that it intended to violate the law. Proof of actual damages is not required to establish liability for FDCPA violations. *Irwin v. Mascott*, 112 F.Supp.2d 937, 963 (N.D. Cal. 2000).

Defendant, Suttell & Hammer, P.S., a Bellevue law firm, was hired to pursue collection of debts owed by Plaintiffs to Capital One Bank (USA), N.A.. Defendant sent letters to the Plaintiffs, enclosing with the letters an "Affidavit of Creditor" bearing the notarized signature of a Capital One Bank (USA) "Litigation Support Representative." The letters advise that the "Affidavit of Creditor" is

---

of Ms. Buckalew alleging a violation of Section 1692e(5)

**ORDER RE SUMMARY JUDGMENT MOTIONS -    2**

being provided to "validate" the debt due and owing on the accounts.[2] Specifically with regard to the "Affidavit of Creditor," the letters explain as follows: "The creditor has requested suit on this account and the affidavit has been provided by our client for suit purposes. We are providing a copy of this affidavit for verification purposes. **At this time suit has not been initiated**." (Emphasis added). The letters advise that Defendant has "been instructed to proceed to collect unless satisfactory repayment arrangements are made" and that if the Plaintiffs have "any questions regarding your rights and responsibilities, we suggest you consult with your own independent counsel."

The "Affidavit of Creditor" bears a case caption identifying Capital One Bank (USA), N.A., as "Plaintiff." Donna K. Buckalew is identified as the "Defendant" in the "Affidavit of Creditor" she received, and Brian D. Purkhiser is identified as the "Defendant" in the "Affidavit of Creditor" he received. No court, however, is identified in the caption, and there is no case number or file stamp. The affidavit asserts the "Defendant" is in breach of his/her "Customer Agreement" with Capital One Bank and that said agreement authorizes Capital One Bank to recover attorneys' fees and costs "as permitted by law," in addition to the principal and interest owing on the debt.

In the Ninth Circuit, whether a debt collector's communication violates the

---

[2] The letter to Mr. Purkhiser is dated June 14, 2009, and the letter to Ms. Buckalew is dated October 27, 2009. In a letter dated May 26, 2009, Defendant advised Ms. Buckalew that if she disputed the debt owed, Defendant would obtain verification of the debt and mail the same to her. Defendant mailed settlement proposals to Ms. Buckalew in correspondence dated July 29 and September 2, 2009. On September 28, Ms. Buckalew called Defendant and asserted her account with Capital One Bank had been settled by a consolidation company. Defendant treated this as a request for verification of Ms. Buckalew's debt. Mr. Purkhiser does not deny that he specifically requested verification of his debt.

**ORDER RE SUMMARY JUDGMENT MOTIONS -            3**

FDCPA "depends on whether it is likely to deceive or mislead a hypothetical least sophisticated debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (internal quotations omitted). "The objective least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id*. at 1431-32 (internal quotation omitted). Whether a communication would confuse a least sophisticated debtor, thereby violating the FDCPA, is a question of law. *Id*. at 1432. Accordingly, it is appropriate for this court to rule as a matter of law whether the aforementioned letter and enclosed "Affidavit of Creditor" would have confused a "least sophisticated debtor" into believing a lawsuit had been commenced against him or her.

The general consensus in the case law is that violations of Section 1692e(9) arise in situations where a debt collector overtly impersonates a governmental agency, or where a debt collector attempts to hide its identity by using a false alias. Plaintiffs seemingly do not argue that Defendant attempted to hide its identity by using a false alias. *See Gradisher v. Check Enforcement Unit, Inc.*, 210 F.Supp.2d 907 (W.D. Mich. 2002)(debt collector used letterhead and envelopes of sheriff's office, creating false impression that letter was generated by sheriff's office); *Sonmore v. Checkrite Recovery Services, Inc.*, 187 F.Supp.2d 1128 (D. Minn. 2001)(false representation that collection letter came from an attorney where letter stated "Attorneys at Law," and noted that the letter came from a law firm which acted as a debt collector for the defendant). Here, the letters in questions specifically identify Suttell & Hammer, P.S., as "debt collectors" and do not identify it as a law firm. The "Affidavit of Creditor" enclosed with the letter is clearly generated by the creditor, Capital One Bank (USA), N.A.

Debt collectors overtly impersonate a governmental agency when they use or distribute written communications which simulate or falsely represent that a

**ORDER RE SUMMARY
JUDGMENT MOTIONS -              4**

document is authorized, issued, or approved by any court, official, or agency of the United States or any State. In *Johnson v. Eaton*, 873 F.Supp. 1019 (M.D. La. 1995), a debt collector sent to the plaintiff a letter questionnaire entitled "REQUEST FOR PAYMENT ARRANGEMENTS" and a proposed consent judgment. Both documents contained the caption "KORNMEYER FURNITURE CO. vs. RUTH E. JOHNSON," and the proposed consent judgment had a place for the signature of a city court judge. Plaintiff contended the documents made it appear to the least sophisticated consumer that suit had been filed and that the consent judgment originated or was authorized by a court. The district court agreed:

> Viewed from the perspective of the least sophisticated consumer, the only reasonable conclusion is that the letter and consent judgment create the false impression that they were issued or approved by a court. The letter has a suit caption in the heading and is attached to a document which more prominently displays this same caption. The other part of the heading contains the name of the court and the body of the document has all the indications that it came from a court. It is entitled "judgment" and is a judgment in form and content, complete with signature line for the judge. Applying the standard of the least sophisticated debtor, a reasonable trier of fact could only conclude that such a debtor would view these communications and believe he had been sued and that these documents were issued by the court.

*Id*. at 1027-28.

In *Wiener v. Bloomfield*, 901 F.Supp. 771 (S.D. N.Y. 1995), the debt collector sent a series of letters to the plaintiff in an attempt to collect the debt. The second letter threatened immediate litigation if the plaintiff did not respond by a certain deadline. Enclosed with the letter were copies of documents captioned "Summons" and "Verified Complaint", and "Summons & Complaint: Service Pursuant to CPLR 312-a" and "Acknowledgment of Receipt of Summons and Complaint." These documents contained captions specifically identifying "Plaintiffs" by name and "Defendants" by name (the "Defendants" being the

**ORDER RE SUMMARY
JUDGMENT MOTIONS -         5**

plaintiffs in the FDCPA suit), and specifically identifying the court as "Supreme Court of the State of New York County of the Bronx." The letter warned that the debt collector was ready to turn the documents over to a process server for service upon the plaintiff. Plaintiff contended the documents falsely suggested defendant had brought suit against the plaintiff, while the debt collector responded that his letter accompanying the documents made it clear the documents had not actually been served on plaintiff and therefore, he (the debt collector) had not misrepresented the summons and complaint as authorized by a court or as legal process. The district court sided with the plaintiff:

> As a matter of New York civil practice, defendant is correct that the summons and complaint were not court papers, at least given that no court action had been filed. But that is not controlling. The legal subtleties on which defendant relies likely would be lost on the "least sophisticated consumer," who probably would assume that the imposing and formal-looking court documents, with prescribed dates for returning an acknowledgment of receipt and double-underscored warnings that false statements or forged signatures on the acknowledgment are punishable as crimes, were in fact legal process. While it may be that the disclaimer in the . . . letter would preclude a decision on summary judgment that the defendant intended to falsely represent the summons and complaint as legal process or as authorized by a court, the [FDCPA] prohibits also the use of documents that merely "simulate" documents authorized by a court. The broad remedial purpose of the Act is not concerned with the intent of the debt collector. . . . Taken in context, the one sentence statement that process was ready to be served cannot outweigh the unmistakable impression, conveyed by the nine pages of the summons and complaint, that legal proceedings had been instituted against the plaintiff. Indeed, it would take a far more explicit statement than the reference to the fact that process was ready to be served to convey to the least sophisticated consumer that, despite the attached summons and complaint with acknowledgment form and return date, a lawsuit had not been commenced.

*Id*. at 776-77.

The case before this court is factually distinguishable from the *Johnson* and *Wiener* cases in significant, and ultimately dispositive, respects. Unlike *Johnson*, the case at bar does not involve a proposed consent judgment having a place for

**ORDER RE SUMMARY JUDGMENT MOTIONS -**     6

signature by a judge. An "Affidavit of Creditor" signed by a "litigation support representative" for Capital One Bank bears no resemblance to a proposed consent judgment.[3] Unlike *Johnson*, where the letter that accompanied the proposed consent judgment bore a case (suit) caption like the proposed consent judgment, the letter from Suttell & Hammer, P.S., which accompanied the "Affidavit of Creditor," does not bear a case caption like the affidavit.[4] The caption on the "Affidavit of Creditor" does not contain the name of the court, unlike the caption contained on the letter and proposed consent judgment in *Johnson*. The "Affidavit of Creditor," unlike the proposed consent judgment in *Johnson*, does not have "all the indications that it came from a court."

An "Affidavit of Creditor" is also not a summons or complaint and so in that respect, the case at bar is distinguishable from *Wiener*. Here, there is a one and a half page "Affidavit of Creditor" as compared to the nine pages of the summons and complaint at issue in *Wiener*, and the caption on those pages also bore the court name, unlike the caption on the "Affidavit of Creditor." The court in *Wiener* found the disclaimer in the accompanying letter that process was "ready" to be served was insufficient to "outweigh the unmistakable impression,

---

[3] The fact the signature of the "litigation support representative" is notarized is of no particular significance. One would reasonably expect the affidavit to be notarized in order to verify/validate the debt owed.

[4] It is also noted that the letter never specifically identifies Suttell & Hammer, P.S., as a law firm, although that could be reasonably inferred from the suggestion in the letter that Plaintiffs consult their own "independent counsel" regarding their rights and responsibilities. The use of the acronym "P.S." is for "Professional Services" and that is not confined to attorney services. It is noted that previous correspondence sent to Plaintiff Buckalew by the Defendant, dated July 29 and September 2, 2009, indicated that a "legal assistant," and "**Not an attorney," had authored/signed the correspondence.

**ORDER RE SUMMARY
JUDGMENT MOTIONS -           7**

conveyed by the nine pages of the summons and complaint, that legal proceedings had been instituted." The court stated "it would take a far more explicit statement . . . to convey to the least sophisticated consumer that, despite the attached summons and complaint with acknowledgment form and return date, a lawsuit had not been commenced." In case at bar, there is a "far more explicit statement" in the letter accompanying the "Affidavit of Creditor," that being "**[w]e are providing you a copy of this affidavit for verification purposes. At this time suit has not been initiated.**" (Emphasis added). This is sufficient to outweigh any impression from the affidavit that legal proceedings had already been instituted. It adequately conveyed to the "least sophisticated consumer" that a lawsuit had not been commenced.[5]

Plaintiffs cite *Crossley v. Lieberman*, 868 F.2d 566 (3rd Cir. 1989), but that case did not involve Section 1692e(9) and is distinguishable from the case at bar. In *Crossley*, the attorney/debt collector's conduct violated the FDCPA by falsely implying that a mortgage foreclosure case against the debtor was already in litigation where his letter to the debtor referred to his client (the creditor) as "plaintiff" and made demand for "plaintiff's damages and costs." Accordingly, there was a violation of Section 1692e(10) (use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer).

Here, the letters from Suttell & Hammer, P.S., do not specifically identify that entity as a law firm (the letter was not explicitly on law firm or "legal letterhead") and more importantly, do not refer to Capital One Bank as a "plaintiff" and do not make a demand for "plaintiff's damages and costs." The

---

[5] Defendant's description of the letter as advising that the "Affidavit of Creditor" had "potential" or "eventual" use in a lawsuit is entirely consistent with the language in the letter that "[a]t this time suit has not been initiated."

**ORDER RE SUMMARY JUDGMENT MOTIONS -    8**

"Affidavit of Creditor," of course, does contain a caption identifying Capital One Bank as "Plaintiff," but it does not demand "damages and costs;" it simply states the amount of debt owing to Capital One Bank and that per the Customer Agreement, Capital One Bank is also authorized to recover "reasonable attorneys' fees and costs to the extent permitted by law."

*Lesher v. Law Office Of Mitchell N. Kay, P.C.*, ____ F.Supp.2d ____, 2010 WL 2431826 (M.D. Pa. 2010), cited by Plaintiffs, also did not involve Section 1692e(9) of the FDCPA and is not helpful to Plaintiffs' case. In *Lesher*, the plaintiff claimed the defendant's use of law firm letterhead to collect consumer debts when there had not been attorney involvement or attorney review before collection letters were sent to consumers constituted a violation of Section 1692e(3) and (5). The plaintiff in *Lesher* also alleged a violation of Section 1692e(10) asserting that the collection letter at issue was misleading because it gave the impression that the creditor had hired the defendant law firm to collect the debt when, in fact, the defendant had been hired by a collection agency. *Id*. at *3.

Here, Plaintiffs do assert claims for alleged violations of Section 1692e(10), but those claims are based on the identical facts supporting their Section 1692e(9) claims. There are no independent facts to support the Section 1692e(10) claims. Hence, if the Section 1692e(9) claims fail as a matter of law, so do the Section 1692e(10) claims, as do the Section 1692e(2)(A) claims regarding alleged false representations as to the "legal status of any debt."

### III. CONCLUSION

The use of the caption on the "Affidavit of Creditor," which does not bear a court name or a case number, in conjunction with a letter specifically stating that "at this time, suit has not been initiated," would not lead a "least sophisticated

**ORDER RE SUMMARY
JUDGMENT MOTIONS -              9**

consumer" to believe that suit had already been initiated against him or her. Accordingly, the "Affidavit of Creditor" does not simulate or falsely represent to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State. As a matter of law, the letter and accompanying "Affidavit of Creditor" do not violate 15 U.S.C. §1692e(2)(A), (9) and (10) of the FDCPA.

Defendant's Motion For Summary Judgment (Ct. Rec. 40) is **GRANTED** and Plaintiffs' Motion For Summary Judgment (Ct. Rec. 65) is **DENIED**. Defendant is awarded judgment on the Plaintiffs' 15 U.S.C. §1692e(2)(A), (9) and (10) claims. Since these constitute the putative class claims, it appears that Plaintiffs's motion for class certification (Ct. Rec. 80) is rendered moot and therefore should be, and is hereby, **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record.

**DATED** this   7th   day of October, 2010.

*s/Lonny R. Suko*
LONNY R. SUKO
Chief U. S. District Court Judge

ORDER RE SUMMARY JUDGMENT MOTIONS -    10